IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-6354 |
| OWEN J. ROBERTS SCHOOL | : | (consolidated with Civ. A. No. |
| DISTRICT, GEOFFREY BALL, and | : | 15-4248) |
| CATHY A. SKIDMORE | : | |
| _____ | : | _____ |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | |
| DISTRICT | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  15-2952 |
| B.L., by and through his parent, | : | |
| JENN-CHING LUO, | : | |

O'NEILL, J.                                                                                              November 28, 2016

**<u>MEMORANDUM</u>**

On October 27, 2016, I entered a memorandum and order granting in part and denying in part motions to dismiss in the three above-captioned, related actions.  No. 14-6354, Dkt Nos. 30, 31 and 32.  Specifically, in Civil Action No. 14-6354, I dismissed all claims against defendants Skidmore and Montanye with prejudice and all claims against defendant Owen J. Roberts School District without prejudice to leave to amend, but denied the motion in all other respects.  In Civil Action No. 15-2952, I denied the motion by defendant Jenn-Ching Luo to dismiss the School District's complaint, but granted with prejudice the motions to dismiss Luo's counterclaims and third-party complaint.  Finally, in Civil Action No. 15-2952, I dismissed with prejudice all claims against defendant Montanye and claims 1, 3, 7, 8, 9, 10, 11, 12 and 13 against defendants School District, Ball and Schneider, but dismissed without prejudice claims 2, 4, 5 and 6.  I further ordered that Civil Action No. 15-4248 be marked closed and that plaintiff file a second

amended complaint in Civil Action No. 14-6354 setting forth all claims not dismissed with prejudice in either Civil Action No. 14-6354 or Civil Action No. 15-4248.  Finally, I ordered that Civil Action Nos. 14-6354 and 15-2952 be consolidated for administrative purposes.

In response to these rulings, Luo has now filed a series of motions.  First, in Civil Action No. 14-6354, Luo asks me to reconsider the dismissal with prejudice of the claims against Skidmore, the dismissal with prejudice of the claims against Montanye and the dismissal without prejudice of the municipal liability claims.  No. 14-6354, Dkt. No. 49.  Second, in Civil Action No. 15-2952, plaintiff asks me to reconsider the dismissal of the malicious abuse of process counterclaim, the implied covenant of good faith and fair dealing counterclaim and the abuse of process claim in the third-party complaint.  No. 15-2952, Dkt. No. 53.  Third, in Civil Action No. 15-4248, plaintiff argues that I committed legal error in dismissing her claims for malicious abuse of process and violation of right to informed consent.  No. 15-4248, Dkt. No. 22.  Finally, plaintiff has filed a motion requesting that I re-open Civil Action No. 15-4248, vacate my order requiring that all claims in Civil Action Nos. 14-6354 and 15-4248 be consolidated and stay the complaint in Civil Action No. 15-4248 pending the outcome of the other two actions.  No. 14-6354, Dkt. No. 50; No. 15-4248, Dkt. No. 22.  The parties have filed responses and reply briefs, making these motions ripe for consideration.

A motion for reconsideration may be granted if the moving party shows:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order or (3) the need to correct a clear error of law or act or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "Because of the court's interests in the finality of judgments, motions for reconsideration 'should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.'"  Jarzyna v. Home Props., L.P., ___ F.

2

Supp. 3d ____, 2016 WL 2623688, at *7 (E.D. Pa. May 6, 2016), quoting PBI Performance Prods., Inc. v. NorFab Corp., 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (further quotations omitted).  In other words, a motion for reconsideration may not be used by a litigant to get a "second bite at the apple."  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  The grant of such a motion is not proper where it simply asks the court to "rethink what [it] had already thought through—rightly or wrongly."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).  "Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'"  Marshak v. Treadwell, No. 95-3794, 2008 WL 413312, at *7 (D.N.J. Feb. 13, 2008), quoting United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

      Only one of Luo's arguments presents a proper subject for a motion for reconsideration, as it identifies a possible error of law with respect to Luo's counterclaim in Civil Action No. 15-2952.  According to Luo, the counterclaim complaint raised a cause of action for common law abuse of process.  In addressing the motion to dismiss, however, I defined the claim as malicious use of process under the Dragonetti Act, 42 Pa.C.S. § 8351(a), which is a distinct cause of action.  With the understanding that one of the required elements of a malicious use of process claim requires a showing that the challenged proceedings terminated in Luo's favor, I found that the claim was premature and, therefore, not a compulsory counterclaim.  I then dismissed the claim for lack of subject-matter jurisdiction.  Luo now contends that, unlike a malicious use of process claim, a common law abuse of process claim does not require a showing that the proceedings be terminated in favor of the party bringing the claim.  In turn, Luo asserts that the counterclaim is indeed compulsory and was dismissed in error.

      Upon reconsideration, I acknowledge my mischaracterization of Luo's counterclaim as malicious use of process as opposed to common law abuse of process.  Considering the

applicable law, however, I still find the claim to be premature. The common law tort of abuse of process is defined as "the perversion of legal process after it has begun 'primarily to accomplish a purpose for which it is not designed.'" Ciolli v. Iravani, 625 F. Supp. 2d 276, 296 (E.D. Pa. 2009) (quotations omitted). To establish a common law abuse of process claim, the moving party must show that the nonmoving party "(1) used a legal process against the [moving party], (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the [moving party]." Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008), quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998). Unlike a malicious use of process claim, a plaintiff in an abuse of process claim need not show that the underlying proceedings terminated in his favor. Langman v. Keystone Nat'l Bank & Trust Co., 672 F. Supp. 2d 691, 700–01 (E.D. Pa. 2009).

Nonetheless, an abuse of process counterclaim alleging "that the underlying litigation *as a whole* constitutes an abuse of process fails to state a claim which is ripe for adjudication." Access Fin. Lending Corp. v. Keystone State Mtg. Corp., No. 96-191, 1996 WL 544425, at *5 (E.D. Pa. Sept. 4, 1996) (emphasis added). "By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded." Id. Thus, "a claim that a plaintiff has perverted the purpose of the entire action, when alleged in the first pleading after the filing of the Complaint, is not a claim ripe for adjudication." U.S. ex rel. Magid v. Wilderman, No. 96-4346, 2005 WL 469590, at *3 (E.D. Pa. Feb. 28, 2005); see also Citizens Bank of Pa. v. Executive Car Buying Servs., No. 10-478, 2010 WL 4687922, at *5 (D.N.J. Nov. 10, 2010) (applying Pennsylvania law and dismissing as premature an abuse of process counterclaim that alleged that the lawsuit as a whole constitutes an abuse of process); Giordano v. Claudio, 714 F. Supp. 2d 508, 533–34 (E.D. Pa. 2010) (dismissing a counterclaim for abuse of process where "the Amended Counterclaim refers only to [the plaintiff and counterclaim-defendant's] initiation

4

of the lawsuit and not to any discrete portions of the lawsuit (such as a subpoena or a discovery request)" because the court could not "adjudicate [the] abuse of process claim until the completion of [the plaintiff and counterclaim-defendant's] lawsuit").

In this matter, Luo's counterclaim for abuse of process is premature.  The counterclaim complaint alleges that the School District's commencement of the action in Civil Action No. 15-2952 and its subsequent pursuit of that action against Luo constitute an abuse of process that "sought no relief at the legitimate ends of the this process." (Countercl. Compl., No. 15-2952, ECF No. 9, ¶ 85.)  In other words, the counterclaim asserts abuse of process based on the lawsuit as a whole, and not on any discrete portion of the lawsuit.  As such, the abuse of process claim cannot be adjudicated until the completion of the School District's lawsuit.  Because the abuse of process claim is premature, it cannot be said to arise out of the same transaction or occurrence as the events in the School District's complaint.  In turn, it is not a compulsory counterclaim which may ever be brought in connection with this action absent an independent basis of federal jurisdiction,[1] which I have already found to be lacking.  Therefore, I reaffirm my decision to dismiss this counterclaim with prejudice.[2]

---

[1] Luo also contends that the counterclaim includes a section 1983 claim for abuse of process, thereby providing an independent basis for jurisdiction.  See Countercl. Compl, No. 15-2952, ECF No. 9, ¶ 89 ("Wherefore, Counterclaim Defendant Owen J. Roberts school district is liable for malicious abuse of process under the common law and Section 1983.").  This argument is misplaced.  Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  Gonzaga Univ. v. Doe, 536 U.S. 273 284–85 (2002).  Neither Luo's complaint nor the motion for reconsideration identifies any right secured by the Constitution or laws of the United States that was violated by the alleged abuse of process.  Therefore, any purported section 1983 claim for abuse of process must be dismissed.

[2] In my October 27, 2016 memorandum and order and October 31, 2016 amended order, I also dismissed Luo's third-party claim of malicious abuse of process.  For the same reasons that I dismiss this claim against the School District, I will dismiss it as alleged in the third-party complaint in Civil Action No. 15-2952.

As to the remainder of Luo's various motions for reconsideration in these matters, they are nothing more than requests that I rethink the issues fully presented in the briefing on both the motions to dismiss and the objections to Magistrate Judge Wells's reports and recommendations. In those filings, Luo went into extensive detail on the merits of each of her claims and counterclaims and had multiple opportunities—in responding to the motions to dismiss, objecting to the reports and recommendations and filing reply briefs in support of the objections—to put forth all arguments in support of maintaining her claims. Following a thorough review of these filings, I issued a fifty-five page memorandum setting forth all of my rulings and explaining the legal and factual bases upon which they rested. Such rulings encompassed a discussion of the exact arguments upon which Luo now seeks reconsideration. Nothing in the present motions sets forth any clear error of law or fact, proposes new evidence not previously available or suggests a change in the intervening law. Indeed, the motions are simply an attempt to rehash arguments that I already considered and rejected. As Luo's arguments have been given ample judicial consideration, I will not provide any more elaboration on the motions for reconsideration.

I must again caution Luo that pursuit of this matter as a pro se litigant has resulted in both an unnecessary delay in the resolution of this case and a burdensome consumption of judicial resources. Although I will extend the time for the filing of the amended complaint, I must again urge Luo to retain counsel to assist in this endeavor.

An appropriate order follows.