# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-6354 |
| | : | |
| OWEN J. ROBERTS SCHOOL DISTRICT, *et al.*, | : : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JENN-CHING LUO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-1098 |
| | : | |
| OWEN J. ROBERTS SCHOOL DISTRICT, *et al.*, | : : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JENN-CHING LUO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-5000 |
| | : | |
| OWEN J. ROBERTS SCHOOL DISTRICT, *et al.*, | : : | |
| | : | |
| Defendants. | : | |

## **ORDER**

1

**AND NOW**, this 18th day of March 2022, upon consideration of Defendants' Motions to Dismiss and Plaintiff's responses under Civil Action No. 14-6354[1]; under Civil Action No. 21-1098[2]; and under Civil Action No. 21-5000[3]; **IT IS HEREBY ORDERED AND DECREED** that:

1. Defendants' Motions to Dismiss (Civil Action No. 14-6354 (ECF Nos. 87, 88, 91, 95)), (Civil Action No. 21-1098 (ECF Nos. 5, 11, 17)), (Civil Action No. 21-5000 (ECF Nos. 7, 11, 14)) are **GRANTED**, and all of Plaintiff's claims under all three dockets are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Responses in Opposition to Defendants' Motions to Dismiss, filed as "Motions to Strike" (Civil Action No. 14-6354 (ECF Nos. 89, 93, 96)), and (Civil Action No. 21-5000 (ECF No. 18)) are **DENIED** and his claims are **DISMISSED WITH PREJUDICE**; and

---

[1] Defendant James Gerl's Motion to Dismiss (ECF No. 87), Defendants Sharon W. Montanye and Sweet Stevens Katz & Williams LLP's Motion to Dismiss (ECF No. 88), Defendant Keri Kolbay's Motion to Dismiss Amended Complaint (ECF No. 91), Defendants Geoffrey Ball and Owen J. Roberts School District's Motion to Dismiss (ECF No. 95), Plaintiff Jenn-Ching Luo's Responses in Opposition to the Motions to Dismiss (ECF Nos. 89, 92, 93, 94, 96), and Defendants Sharon W. Montanye and Sweet Stevens Katz & Williams LLP's Reply to Plaintiff's Response (ECF No. 90).

[2] Defendants Sharon W. Montanye and Sweet Stevens Katz & Williams LLP's Motion to Dismiss (ECF No. 5)), Defendant Owen J. Roberts School District's Motion to Dismiss (ECF No. 11), ), Defendant Pennsylvania Department of Education's Motion to Dismiss (ECF No. 17), and Plaintiff Jenn-Ching Luo's Responses in Opposition to the Motions to Dismiss (ECF Nos. 18, 19, 20).

[3] Defendant Pennsylvania Department of Education's Motion to Dismiss and Reply Brief (ECF Nos. 7, 15), Defendants Dan O'Brien and Owen J. Roberts School District's Motion to Dismiss (ECF No. 11), Defendant Michael J. McElligott's Motion to Dismiss (ECF No. 14), and Plaintiff's Responses in Opposition (ECF Nos. 12, 13, 16, 18).

3. Plaintiff's First Motion for Relief to Enter Default Judgment (Civil Action No. 14-6354 (ECF No. 97)) is **DENIED**[4] and his claims contained therein are **DISMISSED WITH PREJUDICE**.[5]

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[4] Mr. Luo's Motion for Default Judgment raises all the same claims addressed (and dismissed) in the accompanying opinion. The standard of review for default judgement is that, after the Clerk of Court enters default against a party who "has failed to plead or otherwise defend," the court may enter judgment against the defaulting party. Fed. R. Civ. P. 55; *see also Trustees of Nat'l Elec. Benefit Fund v. Mirarchi Bros., Inc.*, No. 21-4399, 2022 WL 221610, at *2–3 (E.D. Pa. Jan. 24, 2022). Deciding whether a default judgment is the appropriate course of action "is left primarily to the discretion of the district court." *Perez v. Kwasny*, No. 14-4286, 2016 WL 558721, at *2 (E.D. Pa. Feb. 9, 2016) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). The court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Walsh v. Satori Grp., Inc.*, No. 20-3906, 2021 WL 2072237, at *3 (E.D. Pa. May 24, 2021) (quoting *Serv. Emps. Int'l*, 325 F. Spp. 3d at 635). Once the court has determined that the complaint alleges a "legitimate cause of action," it must consider the three factors outlined in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000): "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

In the instant matter: (1) Mr. Luo has no legitimate cause of action, (2) there is no prejudice to the Plaintiff as his claims are meritless and are dismissed, (3) the Defendants do have litigable defenses, and (4) the Defendants' delay is in large part due to Mr. Luo's refusal to comply with Court orders preventing his case from proceeding. Accordingly, Plaintiff's Motion for Default Judgment is denied.

[5] This Order accompanies the Court's Memorandum dated March 18th, 2022.