```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENN-CHING LUO                   :        CIVIL ACTION
                                 :
     v.                          :
                                 :
OWEN J. ROBERTS SCHOOL           :        NO. 14-6354
DISTRICT, et al.                 :

JENN-CHING LUO                   :        CIVIL ACTION
                                 :
     v.                          :
                                 :
OWEN J. ROBERTS SCHOOL           :        NO. 16-6568
DISTRICT, et al.                 :

JENN-CHING LUO                   :        CIVIL ACTION
                                 :
     v.                          :
                                 :
OWEN J. ROBERTS SCHOOL           :        NO. 17-1508
DISTRICT, et al.                 :

JENN-CHING LUO                   :        CIVIL ACTION
                                 :
     v.                          :
                                 :
OWEN J. ROBERTS SCHOOL           :        NO. 21-1098
DISTRICT, et al.                 :
```

<u>MEMORANDUM</u>

Bartle, J.                                         October 30, 2023

Plaintiff Jenn-Ching Luo has sued defendants Owen J. Roberts School District ("School District"), the Pennsylvania Department of Education, and a variety of School District employees in multiple cases, alleging claims arising out of the Individual Education Plan ("IEP") process for B.L., his son, a special needs student at the School District.  Mr. Luo

challenges the resolution of multiple administrative due process complaints he made against the School District over the past ten years. Mr. Luo alleged that defendants violated his constitutional rights and that procedural failures meant that B.L. was not provided with a free appropriate public education ("FAPE"), which the Individuals with Disabilities in Education Act ("IDEA") requires. 20 U.S.C. § 1400, et seq. In total, Mr. Luo has filed seven related lawsuits: Civil Action 14-6354 (Luo I); Civil Action No. 15-2952 (Luo II)[1]; Civil Action No. 15-4248 (Luo III); Civil Action No. 16-6568 (Luo IV); Civil Action No. 17-1508 (Luo V); and Civil Action No. 21-1098 (Luo VI). Luo II, Luo III, and Luo VII are all at an end after appeals.

Before the court is the motion of Mr. Luo for entry of default pursuant to Federal Rule of Civil Procedure 55(a) in Luo I, Luo IV, and Luo V against all defendants who have not filed answers on currently outstanding claims. There also remains pending motions to dismiss in Luo IV, Luo V, and Luo VI.

I

The court turns first to the motion of Mr. Luo for entry of default in Luo I, Luo IV, and Luo V. He urges this court to direct the clerk to enter a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure which provides:

---

1. In Luo II, Mr. Luo filed a counter-claim and a third-party complaint in a case initiated by the School District.

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

These actions have recently been transferred to the undersigned, the third judge of this court to preside over these actions over their long history as a result of judicial retirements. These actions have also been prolonged by appeals taken by Mr. Luo of non-appealable orders. The complicated procedural history of these cases is outlined later in this memorandum.

Suffice it to say that defaults and default judgments are not favored. It is generally in the interest of justice to proceed to the merits. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). The plaintiff here will not be prejudiced if default is denied. Based on the history of these cases, defendants have litigable defenses. Finally, the court finds no culpable conduct on the part of the defendants. Id. at 195.

Many of the claims in these actions have already been resolved. Now that the Court of Appeals has recently remanded these actions, this court is deciding the outstanding motions to dismiss, allowing renewed or supplemental motions to dismiss to be filed or otherwise requiring the docketing of answers.

The motion of Mr. Luo for entry of default will be denied in the interest of justice.

II

Mr. Luo filed Luo I, his first complaint in this court, on November 5, 2014. In Luo I, Mr. Luo originally sued the School District, Geoffrey Ball (Special Education Supervisor at the School District), and Hearing Officer Cathy A. Skidmore. Mr. Luo then amended his complaint to include claims against Keri Kolbay (psychologist at the School District), and Sharon W. Montanye (counsel for the School District).

On October 31, 2016, Judge Thomas N. O'Neill, Jr. dismissed certain claims in Luo I with prejudice, dismissed other claims without prejudice with leave to file an amended complaint (which would have been the second amended complaint), and with respect to still other claims, denied without prejudice the motion to dismiss. Judge O'Neill dismissed with prejudice: (1) all claims against Hearing Officer Skidmore; (2) all claims against Ms. Montanye; (3) all Fifth Amendment claims against the School District; and (4) all IDEA claims against the remaining individual defendants.

Judge O'Neill dismissed without prejudice all other claims against the School District in Luo I, which consisted of a Section 1983 claim that the School District violated Mr. Luo's due process rights and an IDEA claim requesting that the court

review the administrative due process hearing pursuant to 20 U.S.C. § 1415(i)(2)(A).  Judge O'Neill granted Mr. Luo the opportunity to file a second amended complaint within thirty days.  Mr. Luo failed to do so by the deadline set by the court.

On November 28, 2016, Judge O'Neill reset Mr. Luo's deadline to file a second amended complaint to December 23, 2016.  The court stated: "Failure to file this document by that date shall result in the dismissal with prejudice of all claims dismissed without prejudice in [the court's] October 31, 2016 amended order."  Luo v. Owen J. Roberts Sch. Dist., Civ. A. No. 14-6354, 2016 WL 6962548, at *1 (E.D. Pa. Nov. 28, 2016).  Mr. Luo appealed this order and the orders in other Luo cases on December 29, 2016.  As a result, Judge O'Neill stayed Luo I while the case was on appeal.  On September 13, 2017, during the pendency of these appeals, the Luo actions were reassigned to Judge Petrese B. Tucker.  Luo I was ultimately remanded as the appeal was interlocutory.

Mr. Luo has chosen to stand on his first amended complaint in Luo I rather than file an additional amended complaint.  As a result, all claims in Luo I against the School District will be dismissed with prejudice in accordance with Judge O'Neill's November 28, 2016 order.

On October 31, 2016, Judge O'Neill denied without prejudice the motion of Ms. Kolbay to dismiss the Section 1983

claim against her. Judge O'Neill directed her to "reassert her arguments" in a motion to dismiss if Mr. Luo filed a second amended complaint. As noted above, Mr. Luo decided not to do so. Nonetheless, Ms. Kolbay filed a renewed motion to dismiss on June 9, 2021. On March 18, 2022, Judge Tucker granted her motion.

This leaves one remaining claim in Luo I. On October 31, 2016, Judge O'Neill denied without prejudice the motion to dismiss of Mr. Ball as to the Section 1983 claim against him. He was similarly directed to reassert his arguments in a motion to dismiss Mr. Luo's second amended complaint. No second amended complaint was filed. Since Mr. Ball did not file a renewed motion to dismiss, our Court of Appeals determined that the "[Section] 1983 claims against [Mr.] Ball in Luo I remain outstanding." Luo v. Owen J. Roberts Sch. Dist., No. 22-1632, 2023 WL 5600965, at *3 (3d Cir. Aug. 30, 2023). Due to the factual overlap between the claims against him and Ms. Kolbay, Mr. Ball will be given an opportunity to file a renewed motion to dismiss the Section 1983 claim against him as pleaded in Luo I[2] within twenty days of this order. If Mr. Ball decides not to file a renewed motion to dismiss, he shall file an answer within twenty days.

---

2. The Section 1983 claim against Mr. Ball consists of Claims 1-3 and 5-8 of Mr. Luo's first amended complaint in Luo I.

III

On May 20, 2021, Judge Tucker consolidated Luo I, Luo IV, Luo V, and Luo VI.  Mr. Luo moved for reconsideration of this order.  When Judge Tucker denied his motion on August 19, 2021, Mr. Luo appealed this decision the following day.  This appeal was dismissed for lack of appellate jurisdiction on September 7, 2022 because the orders were neither final nor appealable interlocutory or collateral orders under 28 U.S.C. § 1291.

In Luo IV, Mr. Luo sued the School District, Mr. Ball, Ms. Montanye, Sweet Stevens Katz Williams LLP ("Sweet") (outside counsel for the School District), and the Pennsylvania Department of Education.  In this action, Mr. Luo brought Section 1983 claims against all defendants.  Against Ms. Montanye and Sweet, Mr. Luo alleged abuse of process and wrongful use of civil proceedings, which Mr. Luo described as malicious prosecution under the Dragonetti Act.  42 Pa. Cons. Stat. § 8351, et seq.  Finally, Mr. Luo claimed that the School District violated the IDEA.

On March 18, 2022, Judge Tucker decided motions to dismiss in Luo VI and Luo VII.  While Judge Tucker addressed claims brought in Luo IV in her accompanying memorandum, the Court of Appeals ruled that the order did not actually dismiss

these claims, "nor did the District Court indicate that it was considering that case." Luo, 2023 WL 5600965, at *4 n.7.

The court will adopt Judge Tucker's reasoning related to Luo IV as to the abuse of process and wrongful use of civil proceedings claims against Ms. Montanye and Sweet, which she discussed in her memorandum accompanying her order, dated March 18, 2022.³

Regarding the abuse of process claims against Ms. Montanye and Sweet, Mr. Luo failed to "allege facts reflecting any conduct undertaken by the Attorney Defendants" that would demonstrate an improper aim, such as extortion or blackmail toward him. Luo v. Owen J. Roberts Sch. Dist., Civ. A. No. 14-6354, 2022 WL 837031, at *10 (E.D. Pa. Mar. 18, 2022). Therefore, Mr. Luo did not state a claim for abuse of process against either defendant. This claim will be dismissed.

The claims for wrongful use of civil proceedings against Ms. Montanye and Sweet also fail. Mr. Luo's claim under the Dragonetti Act can be viable only if he can show that he prevailed as a defendant in an underlying action and that Ms. Montanye and Sweet acted with gross negligence as plaintiffs pursuing an underlying action. See 42 Pa. Cons. Stat. § 8351(a); see also Schmidt v. Currie, 470 F. Supp. 2d 477, 480

---

3. In the memorandum, Judge Tucker stated she intended to dismiss both claims with prejudice.

(E.D. Pa. 2005).  As Mr. Luo brought the underlying claim, he cannot state a claim for liability under the Dragonetti Act, and therefore, this claim will be dismissed.

Although Mr. Luo only alleged violations of Section 1983 against the School District in Luo IV, Mr. Luo also sought remedies available under the IDEA, such as review of the decision at the due process hearing.  Therefore, the court reads his complaint to include an IDEA claim against the School District.  The IDEA imposes a variety of procedures to ensure a student receives a FAPE through a proper IEP creation process.  When a school district fails to adhere to its obligation, a parent may bring an IDEA claim.  See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 65-66 (3d Cir. 2010).  The School District filed a motion to dismiss as to this claim.  Judge Tucker addressed some of these procedural deficiencies in her memorandum accompanying her March 18, 2022 order but did not address the merits of the IDEA claim in full.  The court will outline the claim and resolve the pending motion to dismiss.

Mr. Luo's allegations under IDEA in Luo IV are composed of the following claims.  First, Mr. Luo alleged that the due process hearing concerning the need for a bus aide for his son, B.L., should not have occurred at all because the School District had temporarily reinstated the bus aide for B.L. (claim 7).  Although it was Mr. Luo's position that the School

District no longer needed to adjudicate the necessity of a bus aide, the parties had not in fact resolved whether or not the School District was required to provide a bus aide.  In the memorandum accompanying her March 18, 2022 order, Judge Tucker noted the IDEA "requires the hearing officer to hear claims brought by any party concerning[] the provision of a FAPE under the IDEA."  Luo, 2023 WL 837031, at *13.  Therefore, as the necessity of the bus aide was still in dispute, the School District did not violate B.L.'s right to a FAPE by continuing to hold a hearing on this issue.  Mr. Luo has no right under IDEA to determine whether or not an administrative due process hearing is convened.  Claim 7 fails.

     Claims 10 and 12 alleged that Mr. Luo was denied the ability to have B.L.'s evaluator present at the IEP meeting and that he was not asked to consent to whether the evaluator could subsequently appear by phone conference.  While Judge Tucker did not explicitly address this point, the court will do so now.  The IDEA does not require a specific manner of attendance by participants in an IEP meeting.  In fact, IDEA encourages alternative means of participation.  20 U.S.C. § 1414(f).  This subsection does not require written consent to alternative means of participation.  Rather, it states that such alternative means may be considered as an option by the IEP team.  Therefore, claims 10 and 12 failed to plead a cognizable claim for relief.

Claim 14 alleged that Mr. Ball inappropriately "demand[ed] [Mr. Luo] comply with hearing officer's decision before the expiration of the applicable appeal period[.]"  Mr. Luo has not specifically described what would constitute compliance to this decision.  He claimed that this request infringed on his right to appeal within ninety days.  Judge Tucker rightly concluded Mr. Luo had not presented a cognizable claim because under the IDEA, as "no procedure exists that ties implementation of an IEP to the appeal timeline."  Luo, 2022 WL 837031, at *14.  Mr. Luo's ability to appeal the decision is independent of the implementation of B.L.'s IEP, and Mr. Ball's actions in requesting Mr. Luo's compliance did not run afoul of Mr. Luo's right to appeal under IDEA.  For these reasons, the court will dismiss the IDEA claim against the School District in Luo IV.

Finally, Mr. Luo alleged a Section 1983 claim against the Pennsylvania Department of Education in Luo IV.  As Judge Tucker noted in her memorandum accompanying her March 18, 2022 order, the Department of Education is not a "person" subject to suit under Section 1983, as state agencies are not considered "persons" under the statute.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70-71 (1989).  Additionally, the Eleventh Amendment precludes Mr. Luo's suit, as Congress has not specifically abrogated the Department of Education's immunity,

and the Commonwealth has withheld its consent to suit in federal court.  42 Pa. Cons. Stat. § 8521(b).  Therefore, the Section 1983 claim against the Department of Education will be dismissed.

Consequently, Luo IV will be dismissed in its entirety.

IV

In Luo V, Mr. Luo sued the School District and the Department of Education for violating his due process rights under Section 1983.  Both defendants were properly served and appeared in this action.

While the School District was named in the complaint, none of the claims attributed the due process violations to actions by the School District. As a result, the court will dismiss all claims against the School District in Luo V.

As discussed above, the Department of Education is immune to suit under the Eleventh Amendment for the Section 1983 claim against it.

As no claims remain in Luo V, this action will be dismissed.

V

In Luo VI, Mr. Luo sued the School District, Ms. Montanye, Sweet, Hearing Officer James Gerl, and the Department of Education.  Judge Tucker dismissed all claims against Ms.

-12-

Montanye, Sweet, Mr. Gerl, and Section 1983 claims against the School District and the Department of Education on March 18, 2022.  The only claims remaining in this case are IDEA claims against the School District and the Department of Education.  Our Court of Appeals highlighted these claims.  It noted that although Mr. Luo did not explicitly state a claim under the IDEA for relief, his request that the court vacate a hearing officer's decision "apparently rais[ed] an IDEA claim under [Section] 1415."  Luo, 2023 WL 5600965, at *3.

The IDEA claim in Luo VI challenged to the School District's procedural process as outlined in the Notice of Recommended Educational Placement ("NOREP"), which Mr. Luo alleged the Department of Education and the School District developed in tandem (claim 11).  The NOREP stated that if a parent does not request a due process hearing, the NOREP will be implemented.  Mr. Luo alleged that this process deprived him of his right to decline consent by requiring him to object to the decision through requesting administrative review.

The School District, liberally construing Mr. Luo's complaint, identified this as an IDEA claim and filed a motion to dismiss it on April 1, 2021.  The motion remains pending as Judge Tucker did not rule on it.  While it is true that parents are members of the IEP team and are therefore entitled to participate in the process, they may not control it.  See G.K.

ex rel. C.B. v. Montgomery Cnty. Intermediate Unit, Civ. A. No. 13-4538, 2015 WL 4395153, at *15 (E.D. Pa. July 17, 2015) (citing K.C. ex rel. Her Parents v. Nazareth Area Sch. Dist., 806 F. Supp. 2d 806, 829 (E.D. Pa. 2011)).  The School District may establish its own procedure for objections and has done so by requiring objections be formally lodged through a due process complaint.  Therefore, the School District did not violate IDEA by requiring Mr. Luo to file due process complaints via its established process.  This claim against the School District will be dismissed.

The Department of Education filed a motion to dismiss the Section 1983 claims against it in Luo VI, which Judge Tucker subsequently granted in her March 18, 2022 order.  However, the Department of Education did not liberally construe the complaint to include an IDEA claim, and therefore, did not address in its motion to dismiss what appears to be an IDEA claim against it.  In the interest of justice, the Department of Education will be given an opportunity to file a motion to dismiss against this claim within twenty days of this order.  If it fails to do so, it shall file an answer within twenty days.

VI

In summary, the motions of Mr. Luo for entry of default in Luo I, Civ. A. No. 14-6354, Luo IV, Civ. A. No. 16-6568, and Luo V, Civ. A. No. 17-1508, will be denied.

Pursuant to Judge O'Neill's order, dated November 28, 2016, all claims against the School District in Luo I, Civ. A. No. 14-6354, will be dismissed with prejudice.

Defendant Geoffrey Ball may file a renewed motion to dismiss in Luo I, Civ. A. No. 14-6354, to the Section 1983 claims against him within twenty days of this order.  Otherwise, he shall file an answer within twenty days.

All claims in Luo IV, Civ. A. No. 16-6568, will be dismissed with prejudice.

All claims in Luo V, Civ. A. No. 17-1508, will be dismissed with prejudice.

The IDEA claim against defendant Owen J. Roberts School District in Luo VI, Civ. A. No. 21-1098, will be dismissed with prejudice.

Defendant Pennsylvania Department of Education may file a supplemental motion to dismiss in Luo VI, Civ. A. No. 21-1098, to the IDEA claim against it within twenty days of this order.  Otherwise, it shall file an answer within twenty days.