```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENN-CHING LUO                  :        CIVIL ACTION
                                :
      v.                        :
                                :
OWEN J. ROBERTS SCHOOL          :        NO. 14-6354
DISTRICT, et al.                :

JENN-CHING LUO                  :        CIVIL ACTION
                                :
      v.                        :
                                :
OWEN J. ROBERTS SCHOOL          :        NO. 16-6568
DISTRICT, et al.                :

JENN-CHING LUO                  :        CIVIL ACTION
                                :
      v.                        :
                                :
OWEN J. ROBERTS SCHOOL          :        NO. 17-1508
DISTRICT, et al.                :

JENN-CHING LUO                  :        CIVIL ACTION
                                :
      v.                        :
                                :
OWEN J. ROBERTS SCHOOL          :        NO. 21-1098
DISTRICT, et al.                :
```

MEMORANDUM

Bartle, J.                                     December 7, 2023

Plaintiff Jenn-Ching Luo has sued defendants Owen J. Roberts School District ("School District"), the Pennsylvania Department of Education, and a variety of School District employees in multiple cases, alleging various constitutional and other claims arising out of the Individual Education Plan ("IEP") drafting process for B.L., his son, a special needs

student at the School District.  These cases have a long and complex history, originally before Judge Thomas N. O'Neill, Jr., then before Chief Judge Petrese Tucker, and now before the undersigned.  Before the court is the motion of Mr. Luo for reconsideration of court's order, dated October 30, 2023 (Doc. # 123).  This order ruled on pending motions to dismiss in Luo IV, Civ. A. No. 16-6568, Luo V, Civ. A. No. 17-1508, and Luo VI, Civ. A. No. 21-1098, as identified by our Court of Appeals, and denied Mr. Luo's motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a) in Luo I, Civ. A. No. 14-6354, Luo IV, and Luo V against all defendants.

A motion for reconsideration is only granted when the party seeking reconsideration has demonstrated: (1) an intervening change in the controlling law; (2) availability of new evidence unavailable when the court made its decision; or (3) a need to correct a clear error of law or fact to prevent manifest injustice.  See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  There has been no change in the controlling law and no new evidence has been presented.  The court inadvertently did not rule on the pending motions to dismiss for claims 1, 2, 3, 4, 5, 8, 11, 13, and 16 brought under 42 U.S.C. § 1983 in Luo IV.[1]  Mr. Luo has

---

1.  While the court ruled on the IDEA component of claims 7, 10, 12 and 14 in the court's memorandum in support of its

not shown any clear error of law or fact, except to the extent, as he points out, that the court failed to rule on these Section 1983 claims against the School District and Geoffrey Ball, the Supervisor of Special Education at the School District.

In order to maintain a Section 1983 claim, "a plaintiff must show that the defendant deprived him of a right or privilege secured by the Constitution or laws of the United States while acting under color of state law." Williams v. Borough of West Chester, 891 F.2d 458, 464 (3d Cir. 1989).  A Section 1983 claim may only survive a motion to dismiss under Rule 12(b)(6) if plaintiff first "identif[ies] the exact contours of the underlying right said to have been violated." Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013) (citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc)).  A claim will be dismissed when a plaintiff has not identified a sufficiently specific constitutional right.

In claim 1, Mr. Luo alleges that the School District and Mr. Ball violated his substantive due process right by terminating B.L.'s bus aide.  Mr. Luo does not identify a constitutionally protected right to his son being provided with a bus aide.  Rather, whether this service is necessary is a

---

October 30, 2023 order, the court did not rule on the Section 1983 aspect of these claims.  Therefore, they will be addressed at the same time as the other Section 1983 claims that Mr. Luo identifies.

3

question of B.L.'s right to a free appropriate public education ("FAPE"), the contours of which are defined and protected under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA"), rather than under the Constitution. See A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 803 (3d Cir. 2007). Therefore, claim 1 fails.

Claim 2 states that Mr. Luo's procedural due process right was violated by the School District because the hearing officer maintained a hearing on the necessity of a bus aide despite the fact the service had been temporarily restored. The procedural rights of a parent and their child in determining whether a child is provided with a FAPE are governed by the IDEA. Mr. Luo does not state an independent constitutional right regarding due process in this matter, and therefore, this claim will be dismissed.

In claims 3 and 4, Mr. Luo asserts that his liberty and property rights were violated by the School District and Mr. Ball's decision to terminate B.L.'s bus aide. Whether B.L. has a bus aide is ultimately an educational judgment and should be disputed using IDEA safeguards. A parent may not challenge an educational judgment regarding the provision of a free appropriate public education through Section 1983. See A.W., 486 F.3d at 803.

Claim 5 is a Section 1983 claim against the School District and Mr. Ball for their failure to notify Mr. Luo when B.L. was hit while on the bus on October 21, 2015. He alleges that this action violated Mr. Luo's right to "direct the upbringing and education of the child." The Constitution protects the right of a parent to raise their own children. Gruenke v. Seip, 225 F.3d 290, 303 (3d Cir. 2000). However, courts have concluded that failing to protect a student from student-on-student bullying[2] does not constitute a violation of the Due Process clause. In Lansberry v. Altoona Area School District, the court determined that even where a school, contrary to policy, failed to notify parents of persistent bullying, plaintiff did not have a cognizable claim through Section 1983. 356 F. Supp. 3d 486, 490, 500-01 (W.D. Pa. 2018). Therefore, this claim fails.

In claims 7 and 8, Mr. Luo alleges violations of Section 1983 based on the adjudication of the necessity of B.L.'s bus aide. First, Mr. Luo filed a due process complaint because B.L.'s bus aide had been terminated. After filing, but before the hearing, the School District temporarily reinstated the bus aide. From Mr. Luo's perspective, this made the issue of providing a bus aide moot. In claim 7, he alleges that the

---

2. Mr. Luo has not alleged that B.L. was hit by a state actor, which would change the analysis of this claim.

5

School District violated his right to due process because he was not provided with adequate notice that the need for a bus aide would still be adjudicated at a due process hearing.  In claim 8, he alleges that continuing to have this hearing denied him an adequate opportunity to respond to the School District's argument regarding the lack of necessity of the bus aide.  Neither claim adequately alleges the violation of a constitutional right.  Therefore, these two claims fail under Section 1983.  To the extent this is cognizable under IDEA, the claim fails for the reasons discussed in the court's memorandum in support of its October 30, 2023 order.

In claims 10 and 11, Mr. Luo alleges that his liberty right was violated by the School District and Mr. Ball because an evaluator appeared by phone during one of B.L.'s IEP meetings, and because he was never given the opportunity to determine whether the evaluator could appear by phone.  This allegation does not state a constitutional claim.  Thus, this claim does not succeed under Section 1983.

Mr. Luo avers in claim 12 that the School District and Mr. Ball falsely claimed that Mr. Luo had agreed to change the date of the IEP meeting, which violated his liberty right.  Again, he has not stated a constitutional claim regarding the timing of an IEP meeting.  Moreover, the claim does not succeed

as an IDEA claim for the reasons previously discussed in the memorandum in support of the court's October 30, 2023 order.

In claim 13, Mr. Luo alleges that the School District and Mr. Ball violated his liberty right because Mr. Luo was denied the ability to edit B.L.'s IEP when his submissions were added to the "Parents' Comments" section, rather than adopted in the substance of the IEP. Mr. Luo has not identified a constitutional right to edit the IEP. Therefore, this claim fails. The IDEA does not require that parent input be integrated into the IEP as Mr. Luo suggests.

Claim 14 alleges that Mr. Luo's due process right was violated by the School District and Mr. Ball because the IEP was implemented prior to the expiration of his ninety-day period within which he could appeal the hearing officer's decision. Mr. Luo does not identify a constitutional right to deny compliance with an administrative decision prior to the time an appeal has lapsed. The IDEA governs his rights in this context. As discussed in the court's October 30, 2023 order, Mr. Luo does not state a successful IDEA claim, as no procedure ties the implementation of an IEP to the appeals timeline. Therefore, this claim fails.

Claim 16 avers that the School District and Mr. Ball violated Mr. Luo's liberty right in revising B.L.'s IEP over his objection. Mr. Luo does not state a constitutional right to the

7

control the substance of his son's IEP.  Therefore, this claim is not cognizable.

The remaining issues that Mr. Luo raises in his motion are without merit, and do not meet the standard for reconsideration.  For these reasons, the motion for reconsideration will be denied.