IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | **LEAD CASE:** |
| OWEN J. ROBERTS SCHOOL | : | NO. 14-6354 |
| DISTRICT, et al. | : | |
| | : | |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | NO. 21-1098 |
| DISTRICT, et al. | : | |

MEMORANDUM

Bartle, J.                                        December 19, 2023

Plaintiff Jenn-Ching Luo, acting pro se, has sued
defendants Owen J. Roberts School District ("School District"),
the Pennsylvania Department of Education ("PDOE"), and a number
of School District employees in Civil Action No. 21-1098.  He
alleges various constitutional and other claims arising out of
the Individual Education Plan ("IEP") drafting process for B.L.,
his son, a special needs student at the School District.  This
and related cases have a long and complex history, originally
before Judge Thomas N. O'Neill, Jr., then before Chief Judge
Petrese B. Tucker, and now before the undersigned.[1]  Before the

_____

1.   Civil Action No. 21-1098 is referenced as <u>Luo VI</u>.  It was
consolidated with <u>Luo I</u>, Civil Action No. 14-6354, by Chief

court is the supplemental motion of defendant PDOE to dismiss the Mr. Luo's claim in Civil Action No. 21-1098 on the ground that it does not allege a violation of the Individuals with Disabilities Education Act, 28 U.S.C. § 1400, et seq. ("IDEA").

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Chief Judge Tucker dismissed all constitutional claims against the Pennsylvania Department of Education in Luo VI on March 18, 2022.  The Court of Appeals, however, has recently

---

Judge Petrese B. Tucker on May 20, 2021.  She subsequently denied Mr. Luo's filing privileges in Luo VI as moot, and he was directed to file only in Luo I (Doc. # 23, Civ. A. No. 21-1098). However, as the PDOE is not a party to Luo I, it has continued to file motions in Luo VI.  Therefore, both captions are listed although the instant motion has been brought in Luo VI.

noted that the District Court did not rule on Mr. Luo's IDEA claim against the PDOE.  To clarify the record, the court allowed defendant PDOE to file a supplemental motion to dismiss and supporting brief.  In this claim, Mr. Luo avers that the School District and PDOE's procedural process, as outlined in the Notice of Recommended Educational Placement ("NOREP") violates his statutory rights under the IDEA.  A NOREP is a form completed at the end of the IEP development process that must be provided to parents to inform them that the school district has proposed a change to the student's IEP.  It states that if a parent does not request a due process hearing, the changes recommended in the revised IEP and the NOREP will be implemented.  Mr. Luo alleges that because the NOREP requires him to object to the decision by requesting administrative review, he has been deprived of his right to decline consent.

        As stated in the memorandum accompanying the court's October 30, 2023 order in Luo VI and other related cases, it does not violate the IDEA to require a parent to make objections to IEP revisions through the formal process outlined in the NOREP.  Though parents are members of the IEP team and are entitled to participate in the process, they may not unilaterally determine whether revisions should or should not be made.  See, e.g., G.K. ex rel. C.B. v. Montgomery Cnty. Intermediate Unit, Civ. A. No. 13-4538, 2015 WL 4395153, at *15

(E.D. Pa. July 17, 2015) (citing K.C. ex rel. Her Parents v. Nazareth Area Sch. Dist., 806 F. Supp. 2d 806, 829 (E.D. Pa. 2011)).  Taking as true Mr. Luo's allegation that the PDOE participated in developing the objection procedure, Mr. Luo has not stated a claim that this procedure violated the IDEA. Therefore, the IDEA claim against the PDOE will be dismissed.

For these reasons, the supplemental motion of the Pennsylvania Department of Education to dismiss the IDEA claim against it will be granted.