IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-6354 |
| | : | |
| OWEN J. ROBERTS SCHOOL | : | |
| DISTRICT, et al. | : | |

<u>MEMORANDUM</u>

Bartle, J.                                    December 19, 2023

        Plaintiff Jenn-Ching Luo has sued defendants Owen J.
Roberts School District ("School District") and a number of
School District employees alleging various constitutional and
other claims arising out of the Individual Education Plan
("IEP") drafting process for B.L., his son, a special needs
student at the School District.  This and other related actions
filed by Mr. Luo have a long and complex history, originally
before Judge Thomas N. O'Neill, Jr., then before Chief Judge
Petrese Tucker, and now before the undersigned.  Before the
court is the renewed motion of defendant Geoffrey Ball to
dismiss the claims against him on the ground that they do not
allege a violation of Mr. Luo's constitutional rights under 42
U.S.C. § 1983.

I

        When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw

all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A cognizable claim under 42 U.S.C. § 1983 requires "a plaintiff [to] show that the defendant deprived him of a right or privilege secured by the Constitution or laws of the United States while acting under color of state law."  Williams v. Borough of West Chester, 891 F.2d 458, 464 (3d Cir. 1989).  To survive a motion to dismiss under Rule 12(b)(6), plaintiff must first "identify the exact contours of the underlying right said to have been violated."  Morrow v. Balaski, 719 F.3d 160, 165-66

(3d Cir. 2013) (citing Nicini v. Morra, 212 F.3d 798, 806 (3d
Cir. 2000) (en banc)).  A claim will be dismissed when a
plaintiff has not identified a sufficiently specific
constitutional right.

                                II

          According to the complaint, at a November 2013 IEP
meeting for his son, B.L., Mr. Luo requested the IEP team
consider a residential educational placement.  As part of the
revision process, Mr. Luo was asked to sign a 4010 residential
form.[1]  He returned the signed form to the School District on May
9, 2014.  The IEP was revised to include residential status,
effective August 31, 2014.

          Mr. Luo and Dr. Geoffrey Ball, supervisor of special
education at the School District, met on June 26, 2014, at which
point Dr. Ball requested a reevaluation of B.L.  Mr. Luo
initially consented to this reevaluation but withdrew his
consent shortly thereafter.  At this meeting, Dr. Ball also
notified Mr. Luo that the School District would not place B.L.
in a residential program.

          On or about June 27, 2014, Mr. Luo received a further
revised IEP from Dr. Ball.  This revision was made after Dr.
Ball's meeting with Mr. Luo the prior day and included an offer

---

1.   The record does not explain what a 4010 form is.

                               -3-

for "parent training."  Along with this IEP, Mr. Luo also received a Notice of Recommended Educational Placement ("NOREP").  A NOREP is a form completed at the end of the IEP development process that must be provided to parents to inform them that the school district has proposed a change to the student's program.

Mr. Luo filed an administrative due process complaint to challenge the June 27, 2014 IEP.  In her final decision, the hearing officer struck the demand for parent training and ordered an independent educational evaluation ("IEE") of B.L. On November 5, 2014, Mr. Luo filed this action to appeal the hearing officer's decision.

After the filing of the complaint, Keri Kolbay, a psychologist with the School District, completed the IEE.  Dr. Ball then sent Mr. Luo notice of an IEP team meeting to discuss the completed IEE.  Dr. Ball also revised the IEP to include parent training.  Mr. Luo amended his complaint in this action on December 30, 2014 to allege additional claims regarding the subsequent IEP scheduling and revision process.

On October 31, 2016, Judge O'Neill denied without prejudice the motion to dismiss of Dr. Ball and directed him to reassert his arguments in a motion to dismiss Mr. Luo's second amended complaint.  No second amended complaint was filed.  To clarify the record, the court allowed Dr. Ball to file a renewed

motion to dismiss and supporting brief regarding the
constitutional claims against him.

III

In Claims 1 and 2 under Section 1983, Mr. Luo alleges
that Dr. Ball violated his constitutional right to liberty by
requiring him to take parent training and providing insufficient
notice that such training would be required.  While the
Individuals with Disabilities Education Act, 20 U.S.C. § 1400,
et seq. ("IDEA"), governs what may be included in a student's
IEP, it does not identify parent training as a required
component.  However, the federal government funds and supports
parent training and information centers through the IDEA.  See
20 U.S.C. § 1471.  Any violation of the IDEA in requiring
parental training simply does not rise to the level of a
constitutional violation.

Additionally, Mr. Luo has not stated a viable claim to
a constitutional right to notice of revisions to his child's
IEP.  On June 27, 2014, Mr. Luo was provided with the NOREP,
which in effect serves as notice to parents when there has been
a change to their child's IEP.  To the extent this is cognizable
as an IDEA-based claim, such claims have already been dismissed.
Claims 1 and 2 are not viable under Section 1983.  See A.W. v.
Jersey City Pub. Schs., 486 F.3d 791, 803 (3d Cir. 2007).

-5-

In his third claim, Mr. Luo states that Dr. Ball insisted that Mr. Luo promptly sign a 4010 form but did not ultimately file the form.  Mr. Luo claims this violated his right to happiness.  As happiness is not cognizable as a constitutional right, this claim will be dismissed against Dr. Ball.

In claim 5, Mr. Luo avers that Dr. Ball violated his constitutional right to "liberty without due process of laws" by transmitting B.L.'s, school records to Dr. Kolbay, the school psychologist who completed B.L.'s IEE.  While parents do have a constitutional right to familial privacy, disclosure of student educational records is governed by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").  Mr. Luo does not have a Section 1983 claim for damages for a violation of FERPA. See Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002).  Therefore, this claim will be dismissed against Dr. Ball.

In claims 6 and 7, Mr. Luo states that the School District violated his constitutional right to due process and liberty because it did not stop conducting the IEE while this civil action was pending and that Dr. Ball conducted the IEE without his consent.  Mr. Luo has not stated a constitutional right to stop an IEE from occurring while an appeal is pending. Nor does he have a right to prevent an evaluation without his consent.  Both the consent and pendency provisions of the IDEA

are enforceable through the IDEA, rather than Section 1983.  Mr.
Luo has not stated a cognizable Section 1983 claim against Dr.
Ball.  See A.W., 486 F.3d at 803.

Claim 8 reiterates the claims that have been discussed
above.  Thus, for the reasons outlined above, this claim will be
dismissed.

Accordingly, claims 1, 2, 3, 5, 6, 7, and 8 as pleaded
against defendant Geoffrey Ball will be dismissed.