IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENN-CHING LUO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OWEN J. ROBERTS SCHOOL DISTRICT, et al. | : | NO. 14-6354 |

| | | |
|---|---|---|
| OWEN J. ROBERTS SCHOOL DISTRICT | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 15-2952 |
| B.L., et al. | : | |

MEMORANDUM

Bartle, J.                                        April 30, 2025

Before the court is the motion of Owen J. Roberts School District ("School District") for judgment on the administrative record in Civil Action No. 14-6342 ("Luo I") and its request to dismiss Civil Action No. 15-2952 ("Luo II") (Doc. # 182).[1] The court also has before it the pro se motion of Jenn-Ching Luo, a defendant in Luo II, to dismiss that action "under Rule 12(c) and Rule 41(b)" (Doc. # 49, Civ. A. No. 15-2952).

On November 5, 2014, Jenn-Ching Luo brought claims in Luo I under 42 U.S.C. § 1983 against the Owen J. Roberts School District ("School District"), Geoffrey Ball, the School District's special education supervisor, and Hearing Officer

_____

1.  Unless otherwise noted, all references to docket entries are to entries in Luo I, Civil Action No. 14-6354.

Cathy A. Skidmore.  In his complaint,[2] Luo also appealed an
administrative decision by a Pennsylvania Hearing Officer
pursuant to Section 1415(i) of the Individuals with Disabilities
in Education Act, 20 U.S.C. § 1415(i) ("IDEA").  He filed an
amended complaint on December 30, 2014, which added claims under
§ 1983 against Keri Kolbay, a licensed psychologist hired by the
School District to be the independent educational evaluator of
Luo's son, B.L., and Sharon W. Montanye, counsel for the School
District.  Judge Thomas N. O'Neill, Jr. granted defendants'
motion to dismiss in part and directed Luo to file a second
amended complaint (Doc. # 48).  Luo failed to do so.

       On May 22, 2015, the School District filed Luo II in
which it appealed an administrative decision by a Pennsylvania
Hearing Officer under 20 U.S.C. § 1415(i).  This case was
consolidated with Luo I on May 20, 2021 (Doc. # 46, Civ. A. No.
15-2952).  The School District seeks to dismiss its complaint in
Luo II if Luo I is dismissed.  Luo, as noted, has also moved
this court to dismiss Luo II (Doc. # 49, Civ. A. No. 15-2952).

---

2.   This action was initially assigned to my colleague Judge
Thomas N. O'Neill, Jr.  It was reassigned to my colleague Judge
Petrese B. Tucker on September 13, 2017 (Doc. # 61).  Although
the two actions are consolidated, they were transferred to the
undersigned separately.  Luo I was transferred to the
undersigned on October 5, 2023 (Doc. # 116), and Luo II was
transferred on July 26, 2022 (Civ. A. No. 15-2952, Doc. # 47).

On March 18, 2022, Judge Petrese B. Tucker dismissed the remainder of Luo's claims in Luo I (Doc. # 107).  Luo appealed, and our Court of Appeals dismissed for lack of jurisdiction because it determined that Judge Tucker failed to address the § 1415(i)(2) claim or the § 1983 claim against defendant Ball (Doc. # 114).

These actions were later transferred to the undersigned.  In Luo I, this court denied Luo's motion for entry of default and dismissed all claims against the School District (Doc. # 121) and later, granted Ball's renewed motion to dismiss the § 1983 claims against him (Doc. # 144).  Luo appealed these decisions.

On October 22, 2024, our Court of Appeals vacated in part and remanded to this court for further proceedings with respect to Luo's § 1415(i)(2) claim.  Luo v. Owen J. Roberts Sch. Dist., No. 24-1090, 2024 WL 4540770, at *4-5 (3d Cir. Oct. 22, 2024) (per curiam), cert. denied, No. 24-945 (Apr. 21, 2025).  Our Court of Appeals affirmed as to the dismissal of Luo's § 1983 claims against all defendants.  Thus, the only remaining claim in Luo I is against the School District: plaintiff's appeal of the administrative hearing officer's decision pursuant to 20 U.S.C. § 1415(i)(2).[3]

---

3.    As Luo avers that it is the School District that failed to provide his son with a free appropriate public education, the

I

Pursuant to the IDEA, parents may present a "due
process" complaint to the local educational agency

> (A) with respect to any matter relating to
> the identification, evaluation, or
> educational placement of the child, or
> the provision of a free appropriate
> public education to such child; and
>
> (B) which sets forth an alleged violation
> that occurred not more than 2 years
> before the date the parent or public
> agency knew or should have known about
> the alleged action that forms the basis
> of the complaint, or, if the State has an
> explicit time limitation for presenting
> such a complaint under this subchapter,
> in such time as the State law allows
> . . . .

20 U.S.C. § 1415(b)(6).  Such a complaint is adjudicated via an

impartial due process hearing which shall be conducted by the

state or local educational agency as determined by state law.

Id. at (f)(1)(A).  In Pennsylvania, such hearings are conducted

by hearing officers in the Department of Education's Office of

Dispute Resolution.

The IDEA directs a hearing officer to make its

decision on "substantive grounds based on a determination of

---

proper defendant under § 1415(i)(2) is the School District as
the child's local educational agency ("FAPE").  See R.V. v.
Rivera, 220 F. Supp. 3d 588, 594 (E.D. Pa. 2016).  The parties
do not dispute that the School District was B.L.'s local
educational agency or that it was primarily responsible for
providing B.L. with a FAPE.

whether the child received a free appropriate public education"

("FAPE").  Id. at (f)(3)(E)(ii).  When a due process complaint

alleges that procedural violations impeded a child's right to a

FAPE,

> [A] hearing officer may find that a child
> did not receive a free appropriate public
> education only if the procedural
> inadequacies--
>
> (I)   impeded the child's right to a free
>       appropriate public education;
>
> (II)  significantly impeded the parents'
>       opportunity to participate in the
>       decisionmaking process regarding the
>       provision of a free appropriate public
>       education to the parents' child; or
>
> (III) caused a deprivation of educational
>       benefits.

Id. at (f)(3)(E)(ii) (emphasis added).

The IDEA provides aggrieved parties the right to bring

a civil action challenging the findings and legal conclusions of

the hearing officer.  See id. at (i)(2).  When a party, either a

parent or the local educational agency, challenges the decision

of a hearing officer, the court:

> (i)   shall receive the records of the
>       administrative proceedings;
>
> (ii)  shall hear additional evidence at the
>       request of a party; and
>
> (iii) basing its decision on the
>       preponderance of the evidence, shall
>       grant such relief as the court
>       determines is appropriate.

Id. at (i)(2)(C).

An appeal of an administrative decision made pursuant to the IDEA is subject to modified de novo review of the administrative record.  S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260, 270 (3d Cir. 2003).  The court must give "due weight" and "deference to the findings" of the hearing officer.  D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010).  Factual findings of the hearing officer are considered prima facie correct.  Id.  Unless non-testimonial extrinsic evidence in the record would justify a contrary conclusion, the hearing officer's credibility determinations based on live testimony are given "special weight."  A.C. v. Owen J. Roberts Sch. Dist., 554 F. Supp. 3d 620, 624 (E.D. Pa. 2021).  Any legal conclusions made by the hearing officer are reviewed de novo.  Id.

The party challenging the administrative decision bears the burden of persuasion as to each claim.  Ridley Sch. Dist. v. M.R., 680 F.3d 260, 270 (3d Cir. 2012).  If that party fails to do so, the decision of the hearing officer stands, and the defendant School District is entitled to judgment on the administrative record.

II

On July 3, 2014, Luo filed a due process complaint challenging the IEP provided to his son B.L. on June 27, 2014 and requesting that his son be provided a residential placement

-6-

for the 2014-15 academic year.  On September 15, 2014, Hearing
Officer Cathy A. Skidmore, after an evidentiary hearing, decided
this due process complaint.[4]  Luo appeals her order in <u>Luo I</u>.

        The School District seeks judgment in its favor on the
administrative record on the ground that plaintiff's challenges
to the Hearing Officer's order are without merit.  The court has
received and reviewed the records of the administrative
proceeding.  No party has requested that the court hear
additional evidence.

        The following facts were determined by the hearing
officer and are deemed to be prima facie correct.  <u>D.S.</u>, 602
F.3d at 564.  On November 21, 2013, B.L.'s IEP team held a
meeting at which his father, Luo "asked the IEP team . . . to
consider a residential placement for Student."  While B.L.
showed improvement in his day program at Camphill Special
School, he had difficulty utilizing these skills at home or on
the weekend.  Hearing Officer Skidmore found that the IEP team
"decided to revisit the question of a residential placement at a
subsequent meeting."

---

4.   Hearing Officer Skidmore entered this order after holding
both a pretrial conference via telephone, in which she outlined
the due process complaint adjudication procedure in
Pennsylvania, and a hearing.  At the hearing, she heard evidence
from multiple witnesses and both parties were permitted equal
amounts of time to question witnesses.  As is typical for
parents who represent themselves in these matters, Luo provided
his testimony in narrative form.

A representative of Camphill Special School scheduled a follow-up meeting regarding B.L.'s IEP on February 14, 2014. Due to inclement weather, the meeting was later rescheduled to February 28, 2014. The Hearing Officer found that at that meeting the IEP team "discussed the possibility of a residential placement for Student, as well as extended school year services and a communication device for Student." The team did not make any changes to his IEP at that time.

The School District did not provide Luo with a Notice of Recommended Educational Placement ("NOREP") in connection with this meeting. NOREPs are issued whenever the IEP team makes a change to a student's IEP and advise the parents that they may file a due process complaint if they disapprove of the change.

At some point after the meeting, Ball, the School District's special education supervisor, requested that Luo sign an Application for Educational Assignment to Approved Private School, known as a 4010 form. Such applications are used to request payment from the state in order to offset the costs of an approved private school. Luo signed the form and returned it to the School District on May 9, 2014.

On June 26, 2014, Luo and Ball met in Ball's office. He requested that Luo sign two documents. The first was a form requesting parental consent to reevaluate B.L., which Luo

signed.  The second document was an IEP team meeting invitation
notice.  The Hearing Officer found that Luo was confused as to
why this notice would be necessary because the meeting did not
consist of the full IEP team.  He nonetheless signed the
document.  Ball then informed Luo that the School District would
not be placing B.L. in a residential program for the 2014-15
academic year.  He also provided Luo with information on county
services that could provide additional support to B.L. in their
home.

        The following day, Luo received a revised IEP which
stated that B.L. would remain in the same day program at
Camphill Special School for the upcoming academic year.  The IEP
also required that the parents of B.L. have "Specially Designed
Instruction."  Such instruction called for providing parents
with "information regarding community resources and support
provided to parent" and directed "staff to provide parent with
information and opportunities for guided training at Camphill on
self-help and self-care, which [B.L.] is currently able to
perform during the school day."

        In her order, the Hearing Officer concluded that the
IEP team did not change B.L.'s IEP in its February 28, 2014
meeting and therefore the School District had no obligation to
issue a NOREP to Luo on that date.  Additionally, she found that
the School District did not agree to provide B.L. with a

residential placement on February 28, 2014.  She determined that the School District's conduct in creating B.L.'s June 2014 IEP failed to comply with the IDEA's procedural requirements.  To remedy this failure, she ordered the School District to remove the additional "Specially Designed Instruction" directives which were added in the June 26, 2014 IEP.

Finally, the Hearing Officer declined to order a residential placement for Luo's son and instead, directed "an independent educational evaluation of Student, at public expense, to assist the parties in making a new placement decision pursuant to the IDEA."  She explained that "a new evaluation of Student is essential so that the team has a comprehensive understanding of Student's current strengths and needs, before it can consider where the special education and related services should be provided."

The order of the Hearing Officer set forth specific dates by which the School District was required to comply with Hearing Officer Skidmore's order.  The School District promptly complied with her directive by removing the "Specially Designed Instruction" from B.L.'s IEP and securing an independent educational evaluation.

III

Luo lodged an appeal of Hearing Officer Skidmore's decision by filing his complaint in Luo I in this court on

-10-

November 5, 2014.  He amended his complaint on December 30, 2014 to add parties to his federal claims under § 1983.  In his amended complaint, Luo outlines multiple reasons that the Hearing Officer's September 15, 2014 decision should be overturned.

First, Luo argues that the School District failed to carry out the IEP developed at the end of February 2014, which Luo avers determined that his son, B.L., should receive a residential placement for the 2014-15 academic year.  Regarding this February 2014 meeting, the Hearing Officer found that

> Another meeting of Student's IEP team convened in late February 2014.  The team again discussed the possibility of a residential placement for Student, as well as extended school year services and a communication device for Student.  No substantive changes were made to Student's IEP at that time.

This factual finding of the hearing officer is prima facie correct.  D.S., 602 F.3d at 564.  There were no substantive changes to the IEP as a result of the February 28, 2014 meeting and therefore, the IEP team did not determine a residential placement was proper for B.L. on that date.  Luo fails to provide additional evidence to vitiate this presumption.

Luo next contends that the Hearing officer had no authority to require an independent educational evaluation of B.L. because his parents did not request one.  He is incorrect.

A hearing officer has the authority to request an independent educational evaluation. 34 C.F.R. § 300.502(d). The regulation imposes no limitations on whether such a remedy must first be requested by the parents. In fact, a hearing officer "has broad discretion to fashion a remedy" when he or she finds that the IDEA has been violated. Lopez-Young v. D.C., 211 F. Supp. 3d 42, 57 (D.D.C. 2016) (citing Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter, 510 U.S. 7, 16 (1993)). Luo's challenge to the authority of the Hearing Officer to order that the School District perform an independent educational evaluation of B.L. at public expense is without merit.

Luo further argues that a Hearing Officer with the Pennsylvania Office of Dispute Resolution cannot bind parties absent their mutual consent. Again, he is incorrect. Luo has brought this claim under the IDEA. When a parent or local educational agency files a due process complaint, the complaining party "shall have an opportunity for an impartial due process hearing, which shall be conducted" based on rules set forth by state law. 20 U.S.C. § 1415(f)(1)(A). Under § 1415 of the IDEA and Pennsylvania law hearing officers have binding authority to render decisions regarding a student's access to FAPE. See 22 Pa. Code § 14.162.

Finally, Luo asserts that the School District should not have begun the independent educational evaluation because he

-12-

timely appealed Hearing Officer Skidmore's order by filing this action on November 5, 2014.  Thus, he argues that the order was automatically stayed and that the School District should not have continued to comply with it.  The IDEA does not provide any protections against the implementation of a hearing officer's order during an appeal.  See Luo, 2024 WL 4540770, at *4; see also Luo v. Owen J. Roberts Sch. Dist., Civ. A. No. 24-1030, 2024 WL 4199008, at *3 (3d Cir. Sept. 16, 2024) (per curiam).  Luo's position fails.

Luo's remaining contentions in his complaint concern the School District's conduct in carrying out Hearing Officer Skidmore's decision.  An IDEA claim may only concern issues raised during an administrative due process hearing.  Otherwise, plaintiff has failed to exhaust the claim under § 1415 of the IDEA.  See, e.g., Bryant v. Pottstown Sch. Dist., Civ. A. No. 24-699, 2024 WL 3904050, at *3 (E.D. Pa. Aug. 22, 2024) (citing Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 272 (3d Cir 2014)).  To the extent Luo asserts that the School District's subsequent conduct violated the IDEA, he had the right to bring a due process complaint before the Office of Dispute Resolution for such purported violations.  His amended complaint here makes no reference to such a due process complaint.  For this reason, the court will not address his

remaining contentions regarding the School District's actions after Hearing Officer Skidmore ordered it to reevaluate B.L.

Upon the court's review of the administrative record, the court concludes that plaintiff has failed to show by a preponderance of the evidence that the September 15, 2014 administrative order denied a FAPE to B.L. or violated his procedural rights under the IDEA.  See Ridley Sch. Dist., 680 F.3d at 273-75.  Accordingly, the motion of the School District for judgment on the administrative record will be granted.

IV

The School District has requested on multiple occasions that its complaint in Luo II, Civ. A. No. 15-2952, be dismissed under Rule 41(a)(2) upon the final resolution of Luo I.  Plaintiff also seeks the dismissal of Luo II.  As this memorandum and order conclusively resolves Luo I, the court will also dismiss the School District's complaint in Luo II.